# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-3017

———————————————

United States of America

*Plaintiff - Appellee*

v.

Shawn Schuckman, also known as Bird

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

——————————

Submitted: July 14, 2021
Filed: July 19, 2021
[Unpublished]

——————————

Before SHEPHERD, GRASZ, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Shawn Schuckman received a 240-month prison sentence after he pleaded guilty to possession with intent to distribute a controlled substance. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). Schuckman's counsel requests permission to withdraw

and, in an *Anders* brief, challenges the district court's[1] drug-quantity calculation and the substantive reasonableness of the sentence. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.

We conclude that the district court did not clearly err when it found that Schuckman had distributed approximately 120 pounds of methamphetamine over a two-and-a-half-month period. *See United States v. Yellow Horse*, 774 F.3d 493, 496 (8th Cir. 2014) (reviewing drug-quantity findings for clear error). His statements to law enforcement and other evidence in the case, including the considerable amounts of drugs and money kept in his hotel room, support the court's finding. *See United States v. Ortiz-Martinez*, 1 F.3d 662, 675 (8th Cir. 1992) (stating that a drug-quantity finding was not clearly erroneous when corroborating evidence supported it).

Schuckman's sentence is also substantively reasonable. *See United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011) (recognizing that "it is nearly inconceivable that" once a district court has varied downward, it "abuse[s] its discretion in not varying downward [even] further" (quotation marks omitted)). The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

-2-